UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOUISIANA MUNICIPAL POLICE
EMPLOYEES RETIREMENT
SYSTEM,

        Plaintiff,

v.

STEPHEN A. WYNN, et al.,

        Defendants.

2:12-CV-509 JCM (GWF)

**ORDER**

Presently before the court are plaintiffs Louisiana Municipal Police Employees' Retirement System ("LAMPERS") and Excavators Union Local 731 Welfare Fund's ("Excavators") motions to consolidate cases (doc. #10), appoint co-lead plaintiffs (doc. #11), and appoint co-lead counsel (doc. #12). Also before the court are plaintiff Boilermakers Lodge No. 154 Retirement Fund's ("Boilermakers") cross motions to consolidate (doc. #22), appoint lead counsel (doc. #34), appoint liaison counsel (doc. #35), and appoint lead plaintiff (doc. #36). Defendants Stephen A. Wynn, et. al. filed a response, noting that they have no objection to consolidation and stating that they take no position on the other pending motions. (Doc. #33).

The four cases[1] at issue all arise out of a $135 million donation by Wynn Macau, Limited to

---

[1] A fifth action, *Hinson v. Wynn, et. al.*, case number 2:12-cv-558-RLH-CWH, was filed before Judge Hunt. However, this case was closed on April 27, 2012, pursuant to a notice of

**James C. Mahan**
**U.S. District Judge**

the University of Macau Development Foundation in the People's Republic of China. The complaints all assert claims for breach of fiduciary duty related to this donation. Three of the cases are before this court, and one is before Judge Pro. The cases at issue are:

1. *Louisiana Municipal Police Employees' Retirement System v. Wynn, et. al.*, case number 2:12-cv-509-JCM-GWF
2. *Boilermakers Lodge No. 154 Retirement Fund v. Wynn, et. al.*, case number 2:12-cv-555-JCM-GWF
3. *Solak v. Wynn, et. al.*, case number 12-cv-567-JCM-PAL
4. *Excavators Union Local 731 Welfare Fund v. Wynn, et. al.*, case number 2:12-cv-642-PMP-CWH

**Motions to consolidate (docs. #10 and #22)**

Federal Rule of Civil Procedure 42(a) allows the court to consolidate cases if "actions before the court involve a common question of law or fact." *See also Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). The court has broad discretion to consolidate cases with common questions of law or fact. *Id.*

The four enumerated cases all arise out of the same set of facts – Wynn Macau, Limited's $135 million donation. Additionally, the cases all name similar defendants. Further, the parties in each of these cases agree that consolidation is appropriate. Accordingly, the court grants both the motion to consolidate (doc. #10) and the cross motion to consolidate (doc. #22).

**Motions to appoint lead plaintiffs (docs. #11 and #36)**

In their motion to appoint co-lead plaintiffs (doc. #11), LAMPERS and Excavators argue that they are best suited to be lead plaintiffs in this case. Boilermakers opposed this motion (doc. #20), and filed a cross motion to appoint lead plaintiff (doc. #36), arguing that it should be appointed as lead plaintiff.

---

voluntary dismissal. (Doc. #9). Accordingly, the court does not address this case in the instant order.

1   While district courts in the Ninth Circuit have appointed lead plaintiffs in shareholder
2   derivative actions, *see Sexton ex rel. Jones Soda Co. v. Van Stolk*, 2008 WL 1733242, at *1 (D.
3   Wash. Apr. 10, 2008), this court is not required to appoint a lead plaintiff. *See Moradi v. Adelson*,
4   2011 WL 5025155, at *1 (D. Nev. Oct. 20, 2011). "[B]ecause a plaintiff in a derivative action is
5   bringing claims on behalf of a company, it is unclear what benefits there are to appointing a lead
6   plaintiff . . . ." *Sparano v. Lief*, 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011).

7   Ninth Circuit case law does not require the court to appoint a lead plaintiff, and the court
8   declines to do so in this case. *See Moradi*, 2011 WL 5025155, at *1.

9   **Motions to appoint lead counsel (docs. #12 and #34)**

10  LAMPERS and Excavators also move to appoint Scott+Scott and Cohen Milstein as co-lead
11  counsel. (Doc. #12). Boilermakers opposed this motion (doc. #20), and filed a cross motion to
12  appoint Robbins Umeda as lead counsel (doc. #34).

13  This court has the inherent power to appoint a lead counsel to coordinate the prosecution of
14  complex litigation. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977); *see also*
15  *In re Bendectin Litigation*, 857 F.2d 290, 297 (6th Cir. 1988) (stating that in "complex cases, it is
16  well established that the district judge may" appoint lead counsel). However, in "some cases the
17  attorneys coordinate their activities without the court's assistance, and such efforts should be
18  encouraged." *Manuel for Complex Litigation*, § 10.22 (4th ed. 2004).

19  While this court has the authority to appoint lead counsel, the parties have not pointed to any
20  Ninth Circuit case law requiring the court to do so. Accordingly, the court declines to appoint lead
21  counsel.

22  **Cross motion to appoint liaison counsel (doc. #35)**

23  Finally, Boilermakers moves the court to appoint Reisman Sorokac as liaison counsel. (Doc.
24  #35). Again, Boilermakers has failed to point to any case law requiring the court to appoint liaison
25  counsel, and the court declines to do so here.

26  Accordingly,

27  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Louisiana

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Municipal Police Employees' Retirement System and Excavators Union Local 731 Welfare Fund's motion to consolidate cases (doc. #10) and plaintiff Boilermakers Lodge No. 154 Retirement Fund's cross motion to consolidate (doc. #22) be, and the same hereby are, GRANTED.

IT IS THEREFORE ORDERED that case numbers 2:12-cv-509-JCM-GWF, 2:12-cv-555-JCM-GWF, 12-cv-567-JCM-PAL, and 2:12-cv-642-PMP-CWH shall be consolidated.

IT IS FURTHER ORDERED that case number 2:12-cv-509-JCM-GWF shall be the base file and all filings filed in the base file be deemed to have also been filed in case numbers 2:12-cv-555-JCM-GWF, 12-cv-567-JCM-PAL, and 2:12-cv-642-PMP-CWH.

IT IS FURTHER ORDERED that LAMPERS and Excavators' motion to appoint co-lead plaintiffs (doc. #11), and Boilermakers' cross motion to appoint lead plaintiff (doc. #36) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that LAMPERS and Excavators' motion to appoint co-lead counsel (doc. #12), and Boilermakers' cross motion to appoint lead counsel (doc. #34) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that Boilermakers' cross motion to appoint liaison counsel (doc. #35) be, and the same hereby is, DENIED.

DATED June 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**