# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LOUISIANA MUNICIPAL POLICE
EMPLOYEES RETIREMENT
SYSTEM,

        Plaintiff,

v.

STEPHEN A. WYNN, et al.,

        Defendants.

2:12-CV-509 JCM (GWF)

## ORDER

Presently before the court is defendants Stephen A. Wynn, Linda Chen, Russell Goldsmith, Ray R. Irani, Robert J. Miller, John A. Moran, Marc D. Schorr, Alvin V. Shoemaker, D. Boone Wayson, and Allan Zeman's motion to dismiss. (Doc. # 99, 103). Defendant Elaine P. Wynn and nominal defendant Wynn Resorts Limited joined the motion to dismiss. (Doc. # 102, 104).[1] Plaintiffs Louisiana Municipal Police Employees' Retirement System *et al.* failed to file an opposition.[2]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a

---

[1] Plaintiff Louisiana Municipal Police Employees' Retirement System voluntarily dismissed defendant Kazuo Okada (doc. # 107), leaving no other defendants than those party to the motion to dismiss.

[2] Plaintiffs' response was due October 1, 2012.

**James C. Mahan**
**U.S. District Judge**

complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Further, in shareholder suits, Fed. R. Civ. P. 23.1 requires shareholders to plead with particularity the reasons for not making a demand for corrective action on the board of directors. Fed. R. Civ. P. 23.1 (that is, "the reasons for not obtaining the action or not making the effort."). Rule 23.1 "imposes heightened pleading imperatives in shareholder derivative suits." *See Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1179 (2006) (discussing Nevada's counterpart to this procedural rule).

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of the plaintiffs' failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal appropriate.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 99, 103) be, and the same hereby is, GRANTED. The case is hereby dismissed as to all defendants without prejudice.

DATED October 9, 2012.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE