UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. WYNN, et al.,<br><br>Defendants. | 2:12-CV-509 JCM (GWF) |

## ORDER

Presently before the court is a request for judicial notice by defendants Linda Chen, Russell Goldsmith, Ray R. Irani, Robert J. Miller, John A. Moran, Mark D. Schorr, Alvin V. Shoemaker, D. Boone Wayson, Stephen A. Wynn, and Allan Zemanin support of their reply memorandum (doc. # 137) regarding their motion to dismiss (doc. # 130). (Doc. # 139).

Also before the court is plaintiffs' motion to strike material from defendants' reply memorandum or alternatively for leave to file a sur-reply. (Doc. # 144). Defendants filed a response in opposition (doc. # 146), and plaintiffs filed a reply (doc. # 147).

Defendants request that this court take judicial notice of the following:

(1) Wynn Resorts Limited Form 8-K (filed July 8, 2013);

(2) a hearing transcript regarding the United States' motion to intervene as well as the second amended counterclaim of Aruze USA, Inc and Universal Entertainment Corp. in *Wynn Resorts, Ltd. V. Okada et al.*, Case No. A-12-656710-B, Eighth Judicial District Court, Clark County Nevada;

James C. Mahan
U.S. District Judge

      (3) a press release issued by the Republic of the Philippines Department of Justice regarding an investigation into violations of investment laws;

      (4) portions of MGM Resorts International Form 10-K (filed March 1, 2013);

      (5) portions of Las Vegas Sands Corp. Form 10-K (filed March 1, 2013);

      (6) Wynn Resorts, Limited Form DEF 14A (filed March 26, 2013).

(Doc. # 139: Attachments 1-7).

Plaintiffs argue that it would be improper for the court to take judicial notice of the above listed documents, and consequently that the portions of defendants' reply that depend upon those documents should be stricken. Alternatively, plaintiffs argue that sections relating to these documents in defendants' reply memorandum constitute entirely new argumentation. and thus should be stricken as procedurally improper. Finally, plaintiffs request that they be granted leave to file a sur-reply should the court choose not to strike these portions of defendants' reply memorandum.

Administrative filings as well as orders and decisions made by other courts can be proper subjects of judicial notice. *See Bryant v. Carleson*, 444 F.2d 353, 357-58 (9th Cir. 1971). However, the court cannot and will not take judicial notice of facts contained in such documents that are or could reasonably be disputed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The above-listed documents all contain information that contradict key elements of plaintiffs' claims in this case. As these are assertions of fact that are clearly in dispute, it is not proper for the court to take judicial notice of these documents or to include them within its consideration of the pending motion to dismiss. Accordingly, the request for judicial notice will be denied.

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally regarded with disfavor. . . ." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008). The function of a motion to strike pursuant to Rule 12(f) is avoidance of "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial [.]" *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotations omitted).

**James C. Mahan**
**U.S. District Judge**

"Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* (internal citations and quotations omitted). "Whether to grant a motion to strike lies within the sound discretion of the district court." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535 (D. Nev. 2013).

Because the declines to take judicial notice of the documents presented by defendants, the factual claims within these documents cannot warrant the dismissal of plaintiffs' complaint. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all factual allegations ser forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 676 (9th Cir. 2001) (internal quotations omitted). Thus, any dispute of fact will be resolved in plaintiffs' favor with regard to defendants' motion to dismiss. As a result defendants' factual allegations have no possibility of causing prejudice to plaintiffs at this stage in the litigation. Therefore the court will not grant plaintiffs leave to file a sur-reply and will deny the motion to strike.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' request for judicial notice (doc. # 139) be, and at the same time hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to strike (doc. # 144) is DENIED.

DATED November 22, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**